# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TREVONE MILLER**　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #178501**

**V.**　　　　　　　　　　**NO. 4:25-cv-00802-JM-ERE**

**JORDAN SLAYDEN,** *et al.*　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

*Pro se* plaintiff Trevone Miller, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Mr. Miller's complaint alleges that, on December 4, 2023: (1) Defendants Jordan Slayden, Cadijah Jackson, Justin Coleman, Cierra Washington, and Andrew Isom used excessive force against him; (2) Defendants Slayden, Jackson, and Coleman failed to protect him from the attack by Defendants Washington and Isom; and (3) Defendants Cantrell Bass, Jared Stevens, and Kejenna Taylor failed to provide him adequate medical treatment following the incident. He sues Defendants in both their individual and official capacities seeking monetary damages.

For screening purposes, Mr. Miller has stated: (1) an excessive force claim against Defendants Slayden, Jackson, Coleman, Washington, and Isom in their individual capacities; (2) a failure to protect claim against Defendants Slayden, Jackson, and Coleman in their individual capacities; and (3) a medical deliberate indifference claim against Defendants Bass, Stevens, and Taylor in their individual

capacities. Service is now proper for Defendants Slayden, Jackson, Coleman, Washington, Isom, and Bass.[1] The Court will address service for Defendants Stevens and Taylor by separate Order. The Court will address Mr. Miller's official capacity claims in a separate Recommendation.

IT IS THEREFORE ORDERED THAT:

1. The Clerk of Court is directed to prepare summonses for Defendants Jordan Slayden, Cadijah Jackson, Justin Coleman, Cierra Washington, Andrew Isom, and Cantrell Bass.

2. The United States Marshal is directed to serve these Defendants with a summons and a copy of the complaint (with any attachments) (*Doc. 1*), without requiring prepayment of fees and costs or security. Service for these Defendants should be attempted through the Arkansas Division of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612.

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

SO ORDERED 12 September 2025.

_____
UNITED STATES MAGISTRATE JUDGE