**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**TREVONE MILLER**                                                         **PLAINTIFF**
**ADC #178501**

**V.**                          **NO. 4:25-cv-00802-JM-ERE**

**JORDAN SLAYDEN, *et al*.**                                              **DEFENDANTS**

### ORDER

*Pro se* plaintiff Trevone Miller has filed a motion asking the Court to: (1) provide him copies of all docket entries in this case; (2) provide him defense counsel's address and discovery responses; and (3) issue a temporary restraining order and preliminary injunction. *Doc. 87*. For the following reasons, Mr. Miller's motion is granted, in part, and denied, in part.

**I.      Motion for Copies**

In his motion, Mr. Miller requests copies of all docket entries in this lawsuit. Based on the large amount of docket entries in this case, Mr. Miller's request is denied. However, the Court will instruct the Clerk to send Mr. Miller a copy of the docket sheet for this lawsuit. If Mr. Miller seeks copies of any specific docket entries, he may file another motion identifying specific docket entries.

**II.     Motion for Defense Counsel's Address and Discovery Responses**

Defense counsels' addresses are as follows.

Aiasha Hearmon at the Arkansas Attorney General's Office, 101 West Capitol Avenue, Little Rock, Arkansas 72201, represents Defendants Jordan Slayden, Cadijah Jackson, Justin Coleman, Andrew Isom, and Cantrell Bass.

Kynda Almefty at Hardin, Jesson & Terry, PLC, 1401 West Capitol Avenue, Suite 190, Little Rock, Arkansas 72201, represents Defendants Jarden Stevens and Kejana Taylor.

In his motion, Mr. Miller also states that he has not received any initial disclosures from Defendants. However, under this Court's Local Rules, Defendants are not required to provide Mr. Miller initial disclosures. This Court's Local Rules specifically exempt "[p]ro se actions brought by persons in federal, state, or local custody" from the requirements in Local Rule 16.1 governing initial scheduling orders. See Local Rule 16.2.

The Court does not know whether Mr. Miller has served any discovery requests on any Defendant. However, it is premature to engage in formal discovery at this time. Defendant Cierra Washington has not yet been served. The Court's practice is to enter an initial scheduling order staying discovery on the merits until all parties have either answered plaintiff's complaint or been dismissed from the lawsuit. Because Defendant Washington has not yet been served, the Court has not entered such an order. However, the Court will now stay all formal merits discovery.

### III.   <u>Motion for Temporary Restraining Order and Preliminary Injunction</u>

A preliminary injunction "is an extraordinary remedy," and the moving party bears the burden of showing he is entitled to such relief. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (internal citations omitted). "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Finally, in prisoner cases, any prospective relief granted must be "narrowly drawn," extend "no further necessary to correct" the constitutional violation and be the "least intrusive means necessary" to correct the constitutional violation. 18 U.S.C. 3626(a)(1)(A). Therefore, the Court must be particularly cautious when resolving requests for injunctive relief from prisoners, especially where, as here, discovery has not been completed and the facts are still undeveloped.

The purpose of a preliminary injunction is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Thus, the party requesting a preliminary injunction must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id*.

Mr. Miller is currently proceeding on: (1) an excessive force claim against Defendants Slayden, Jackson, Coleman, Washington, and Isom in their individual capacities; (2) a failure to protect claim against Defendants Slayden, Jackson, and Coleman in their individual capacities; and (3) a medical deliberate indifference claim against Defendants Bass, Stevens, and Taylor in their individual capacities.

Mr. Miller's motion seeks preliminary injunctive relief based on alleged conduct which occurred *after* he filed this lawsuit and is factually unrelated to his pending claims. If Mr. Miller wants to pursue new claims for new alleged retaliatory or threatening conduct and related injunctive relief, he must do so in a new lawsuit.

In addition, Mr. Miller fails to request any specific relief from the Court. As a result, if the Court were to grant the motion, there are no terms to be enforced. See FED. R. CIV. P. 65(d) (providing that "every injunction and restraining order must . . . state its terms specifically . . . and describe in reasonable detail . . . the act or acts restrained or required").

Finally, Mr. Miller failed to submit a brief in support of his motion as required by this Court's Local Rules. See Local Rule 7.2(e) (motions for temporary restraining orders and preliminary injunctions "shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief"); compare FED. R. CIV. P. 65(a) (requirements for obtaining a

3

temporary restraining order <u>without</u> notice to the opposing party) with (b) (requirements for obtaining a preliminary injunction <u>with</u> notice to the opposing party).

If Mr. Miller seeks specific preliminary injunctive relief from the Court, he may file another motion specifically explaining: (1) the preliminary injunctive relief he seeks; and (2) why he needs the relief now, as opposed to the conclusion of the lawsuit, assuming he is successful on the merits of his claims.[1]

IT IS THEREFORE ORDERED THAT:

1.    Mr. Miller's motion (*Doc. 87*) is GRANTED solely as stated in this Order.

2.    The Clerk is instructed to provide Mr. Miller a copy of this Order, along with a copy of the docket sheet for this lawsuit.

3.    All merits-based discovery is now stayed.

4.    Mr. Miller's requests for a temporary restraining order and a preliminary injunction are DENIED.

SO ORDERED this 4th day of March, 2026.

_____
UNITED STATES DISTRICT JUDGE

---

[1] When deciding whether to grant a temporary restraining order or preliminary injunction, four factors are relevant: (1) the likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; and (4) the public interest. *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). These factors are typically referenced as the *Dataphase* factors.